UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC STATES INDUSTRIES, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-01482-JD<br><br>**ORDER RE MOTION TO DISMISS AND SANCTIONS**<br><br>Re: Dkt. No. 28 |

    This case is an environmental action filed by plaintiff California Sportfishing Protection Alliance ("CSPA") against defendants Pacific States Industries, Inc. and North Cloverdale Blvd., LLC to enforce the Federal Water Pollution Control Act, 33 U.S.C. § 1251 (the "Clean Water Act"). The complaint "seeks relief for unlawful discharges of polluted storm water and non-storm water by [defendants] from their industrial facility, the Redwood Empire Sawmill ('the Facility'), into waters of the United States in violation of the Clean Water Act" and certain California state permits and orders. Dkt. No. 1 ¶ 1.

    As defendants repeatedly state in the motion to dismiss before the Court, this is not the first time they have been sued under the CWA. Dkt. No. 28. The gist of the motion is that a prior consent decree under the CWA negates CSPA's right to bring this case. In almost every respect, defendants' arguments are ill considered, poorly reasoned and bereft of legal or factual support. The Court finds the motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and denies it. In light of the facial weakness of the motion, the Court will allow CSPA to seek sanctions in the form of reasonable attorney's fees and costs incurred in opposing it under Federal Rules of Civil Procedure Rule 11 and the other authorities discussed at the end of this Order. Defendants' unopposed request that the Court take judicial notice of filings and

documents relating to the prior CWA case, *Russian Riverkeeper v. Pacific States Indus., Inc. et al.*, Case No. 3:07-cv-05393 (N.D. Cal.), is granted. Dkt. No. 29.

Defendants' main argument for dismissal is that the consent decree entered in the *Russian Riverkeeper* case "controls the alleged violations of the CWA" in this case and that CSPA, the plaintiff in this case, consequently lacks standing. *See*, *e.g.*, Dkt. No. 28 at 6-7. This contention is patently wrong. Two simple and obvious factors show why. Consent decrees "are essentially contractual agreements" and they are "construed as contracts for purposes of enforcement" and interpretation. *Hook v. Arizona Dep't of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992). Contracts bind only the entities that are parties to it. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Neither CSPA nor its counsel, Andrew Packard (who was also counsel to Russian Riverkeeper) was a "Settling Party" under the *Russian Riverkeeper* consent decree. Consequently, they cannot in any way be barred by that decree from bringing this lawsuit. The dispute resolution provisions in the consent decree that defendants pound on apply only to the "Settling Parties," and only the "Settling Parties" released each other from any claims. *See* Dkt. No. 29, Ex. B. Defendants cite to no legal authority -- and the Court is not aware of any -- that supports any preclusive effect the consent decree would have against CSPA or its attorney here.

Another obvious factor is equally devastating to defendants' argument. As they concede, the consent decree lapsed in September 2014. Dkt. No. 28 at 1; *see also* Dkt. No. 29, Ex. B ¶¶ 41-42. Even if the consent decree somehow bound CSPA, which it clearly does not, it lost legal vitality upon termination one year ago.

After this poor showing, defendants go on to argue an even more egregiously wrong point. Defendants say that each of plaintiff's six causes of action are implausible and should be dismissed with prejudice because "Russian Riverkeeper and its counsel, Mr. Packard, did not take issue with" the CWA violations alleged in those causes of action while the *Russian Riverkeeper* consent decree was in place. *See*, *e.g.*, Dkt. No. 28 at 11. This contention betrays a fundamental misunderstanding of the standards that govern a motion to dismiss. When deciding a motion to dismiss, the Court assumes that the plaintiff's factual allegations are true and draws all reasonable

inferences in its favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the Court dismisses a complaint, it must "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted). The Court does not dismiss a case merely because a defendant feels that it is unfair that it was sued, and certainly not with prejudice. And the purported fact that a different plaintiff and its counsel in a different case did not protest under a consent decree in that case does nothing to establish that plaintiff CSPA's allegations here are implausible at the Rule 12(b)(6) stage. Not surprisingly, defendants offer no case law whatsoever in support of that bizarre contention.

All of defendants' arguments based on the consent decree in the *Russian Riverkeeper* case are consequently rejected. Defendants also make the passing argument that "the adoption of the new general permit that became effective July 1, 2015, created its own mechanism for determining compliance with BMPs by way of Numeric Action Levels ('NALs') and Exceedance Response Actions ('ERAs'). As such, alleging violations of EPA benchmarks is likely moot and most likely cannot be used as evidence of an ongoing and continuous violation." Dkt. No. 28 at 9, 11-12 (citation to permit omitted). Defendants say nothing at all beyond that. This tentative, unexplained and undeveloped contention comes nowhere near warranting dismissal of CSPA's complaint.

To cap all of this off, defendants' reply brief improperly raises brand new arguments not stated in the opening brief. This includes the contention that "the allegations in the complaint all concern the State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001 ('1997 Permit')," rather than the "2014 Permit," which "replaced and superseded the 1997 Permit." Dkt. No. 38 at 2. Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it. It is expressly barred in the Court's Standing Order for Civil Cases. The new arguments in the reply will not be considered for this motion.

The manifest faults in defendants' motion raise a serious question about defense counsel's compliance with the requirements of Rule 11 and other obligations. To that end, the Court invites CSPA to bring a motion for sanctions for fees and costs under Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. The decision to seek sanctions is entirely up to CSPA's discretion, and whether and to what extent sanctions are awarded will depend on the showings it proffers.

The Court is also very concerned with defense counsel's repeated reference to CSPA's attorney by name in the motion papers. The identity of plaintiff's counsel is completely irrelevant to the sufficiency of the complaint under Rule 12(b)(6), and the Court can only conclude that the frequent use of his name was intended to disparage him. That tactic falls well below the standards of professionalism and civility that counsel are expected to follow when practicing in this District. Defendants' counsel are admonished that further misconduct of this or any related sort will result in sanctions, including attorney discipline sanctions.

**IT IS SO ORDERED.**

Dated: September 22, 2015

_____
JAMES DONATO
United States District Judge